## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 23-cr-30098-DWD |
| | ) |
| BILLY SEALS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is a Motion to Reopen Detention under 18 U.S.C. § 3142(f)(2) filed by Defendant Billy Seals (Doc. 64). The Government has responded (Doc. 65). For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND

On August 15, 2023, Defendant was charged with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Doc. 1). A Motion to Detain was filed by the Government which sought detention on the grounds that the Defendant was a flight risk and a danger to the community (Doc. 6). A detention hearing was held on September 13, 2023 (Doc. 11). After considering the parties' arguments and a pretrial services report, the Court ordered Defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (Doc. 16).

At the detention hearing, the Government noted that Defendant faces a 15-year mandatory minimum sentence if convicted and emphasized his flight risk and dangerousness to the community (Doc. 65-1, pp. 10-12). The Government proffered

1

approximately ten pages of Defendant's criminal history, which dates back to 1982 and includes 14 felony convictions (*Id.* at 11). The Government also asserted that DNA evidence established Defendant's possession of the firearm in question (*Id.* at 14).

After considering the factors set forth in 18 U.S.C. § 3142(g),[1] the Magistrate Judge ultimately found by clear and convincing evidence that there was no combination of conditions of release that would reasonably assure the safety of the community (Doc. 16, p. 3).

## DISCUSSION

Section 3142(f)(2) of the Bail Reform Act of 1984 provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

---

[1] Section 3142(g) requires courts to consider the following factors when determining "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

First, Defendant emphasizes that "[a]t the time of the [detention] hearing, the Government asserted that police officers had saw [*sic*] Mr. Seals toss the gun at the center of this controversy, into the bed of the truck he was driving as he fled." (Doc. 64, p. 1-2). Defendant alleges, and the Government admits, that the discovery materials reveal that it was not a police officer who witnessed Defendant toss the weapon, but a witness identified as V.B. (*Id.* at 2; Doc. 65, p. 1). Defendant notes that V.B. was not at the detention hearing and has a motive to lie because the truck in which the gun was found is owned by V.B., and these facts warrant a reopening of the detention hearing (Doc. 64, p. 2).

There seems to be little dispute that the information previously unknown to the Defendant until discovery was provided is limited to the identity of the witness who saw Defendant toss the gun into the truck. The inquiry then turns to materiality of that information. Put another way, the question to be posited then is whether that previously unknown information is material in the sense that it bears on the issue whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other persons and the community. *See id.*

Here, the Defendant asks the Court to "reconsider" the Magistrate's decision to detain and employs § 3142(f)(2) for that purpose. But, as noted, § 3142(f)(2), as it pertains to reopening of a detention hearing, is limited to availability of conditions that will ensure the appearance of the Defendant and the safety of others. Certainly, the previously unknown or mistaken identity of the reporting witness goes to the support of the Government's claim that the Defendant once possessed and then ridded himself of the weapon as he fled. Likewise, the veracity of the witness V.B., as opposed to that of a Law

Enforcement Officer, may well bear on the guilt or innocence of the Defendant, but it does not bear on the likelihood of the Defendant's appearance or his threat to the community. Therefore, the identity of the reporting witness in this matter is not material under § 3142(f)(2), and, accordingly, Defendant's Motion to Reopen the detention hearing should be denied.

However, Defendant in his Motion also seems to raise, but does not develop, the "noteworthy" contention that the witness V.B. "was not at the detention hearing, and therefore not subjected to cross-examination." (Doc. 64, p. 2). It is unclear whether the Defendant is raising a Sixth Amendment, right of confrontation, argument. But, if he is advancing that argument, it too must fail.

The confrontation clause of the Sixth Amendment grants the accused the right to be confronted with the witnesses against him in all criminal prosecutions. U.S. Const. amend. VI.[2] "The right to confrontation is basically a trial right." *United States v. Andrus*, 775 F.2d 825, 836 (7th Cir. 1985) (citing *Barber v. Page,* 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968); *Gerstein v. Pugh*, 420 U.S. 103, 121–22, 95 S.Ct. 854, 866–67, 43 L.Ed.2d 54 (1975)). The Seventh Circuit has repeatedly declined to recognize a right to confrontation in criminal proceedings outside the trial context. *See id.* (the confrontation

---

[2] There is scant authority addressing the application of the confrontation clause to detention hearings following *Crawford v. Washington*, which held that testimonial hearsay statements for witnesses absent from trial are admissible only where (1) the declarant is unavailable, and (2) the defendant had a prior opportunity to cross-examine. 541 U.S. 36, 124 S. Ct. 1354, 158 L.Ed.2d 177 (2004). However, courts before *Crawford* held that the confrontation clause did not attach to detention hearings, and the opinion in *Crawford* does not undermine those holdings. *United States v. Hernandez*, 778 F. Supp. 2d 1211, 1219-1227 (D.N.M. 2011) (collecting cases); *see also Fields v. Lawson*, No. 3:11-CR-149-RLM, 2014 WL 7392247 (N.D. Ind. Dec. 22, 2014).

clause does not apply at preliminary hearings); *United States v. Isom*, 635 F.3d 904, 907 (7th Cir. 2011) (the confrontation clause does not apply at sentencing hearings).

Furthermore, even if the Court had considered the new information regarding V.B., there is ample evidence to support a finding that Defendant constitutes a danger to the community. In its decision, the Magistrate Judge cited material facts such as Defendant's extensive criminal record, which was "too long to even detail" and "has not gotten better or improved as Defendant has aged" (Doc. 16, p. 3). Other facts of record include the lengthy period of incarceration faced if convicted, Defendant's historical participation in criminal activity and violations while on probation, parole, and supervision, his prior failures to appear in Court and attempts to evade law enforcement, and lack of a viable home plan (*Id.* at 2-3). There is ample evidence in the record to support the Magistrate Judge's assessment of the Defendant's relative likelihood of appearance at future hearings and trial and the safety of the community if not detained.

For the reasons stated above, the Court finds that Defendant has failed to make the necessary threshold showing of materiality under 18 U.S.C. § 3142(f)(2) and **DENIES** the Motion to Reopen Detention (Doc. 64).

**SO ORDERED.**

Dated: August 9, 2024

_____
DAVID W. DUGAN
United States District Judge

5