IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cr-30098-DWD |
| | ) | |
| BILLY SEALS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Government's Motions *in Limine*. (Docs. 44, 53, 54, 67, 68, 84, 86). Defendant filed a Response to the first Motion *in Limine* (Doc. 73) but not to any of the other Motions *in Limine*. Each Motion is addressed in turn below.

## I.    LEGAL STANDARD

The Federal Rules of Evidence do not explicitly authorize *in limine* rulings, but the practice of using such rulings has developed under the Court's inherent authority to manage trials. *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (noting motions *in limine* aid the trial process by enabling the Court to rule before trial on the relevance of certain forecasted evidence without lengthy argument or interruption at trial). Such motions permit the Court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any

purpose," *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Also, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings." *Id.*

Motion *in limine* rulings are made before the Court hears all of the evidence or sees the trial develop. As such, these rulings are preliminary and may be revisited based on the Court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce*, 469 U.S. at 41) ("[A] ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

## II.    DISCUSSION

### A.    *First Motion in Limine Related to Judicial Notice of Prior Convictions (Doc. 44)*

Mr. Seals is charged with being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(e). Subsection 922(g)(1) prohibits firearm possession by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Mr. Seals has four convictions in the Circuit Court of St. Clair County, including: robbery (Case No. 86-CF-585), robbery (Case No. 93-CF-897), aggravated robbery (Case No. 97-CF-412), and domestic battery after a prior conviction (Case No. 17-CF-472). (Doc. 44-1). His sentence for each conviction exceeded one year. *Id.*

The Government provided notice of its intent to introduce evidence of Mr. Seals' prior convictions in the Circuit Court of St. Clair County, and it now requests that the Court take judicial notice of those prior convictions. (Doc. 44).

2

Here, evidence of Mr. Seals' convictions in the Circuit Court of St. Clair County are admissible because they are relevant, for the purposes of a judicial notice inquiry, to an issue of the case as one of the elements of the charged offense.[1] Further, each of Mr. Seals' felony convictions is the proper subject of judicial notice under Federal Rule of Evidence 201 because they are (1) not subject to reasonable dispute and (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *U.S. v. Payne*, 964 F.3d 652, 656 (7th Cir. 2020). Finally, Defendant does not object to the Court taking judicial notice of his prior convictions. (Doc. 73). Accordingly, the Motion for Judicial Notice (Doc. 44) is **GRANTED**. The Court takes judicial notice of Defendant's prior felony convictions.

### B.    *Second Motion in Limine Related to Jury Nullification* **(Doc. 53)**

The Government moves to prohibit Mr. Seals from presenting evidence, or arguing during the guilt phase or while seeking a special verdict, that the jury base its verdict on the impermissible ground of Mr. Seals' possible sentence, stating such arguments are tantamount to jury nullification. Defendant did not file a response.

The Seventh Circuit has repeatedly held that the power to nullify the law "is not a right, either of the jury or of the defendant." *U.S. v. Perez*, 86 F.3d 735 (7th Cir. 1996) (citing *U.S. v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988); *U.S. v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)); *see also Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) ("A defendant has of course no right to ask the jury to disregard the judge's instructions ('jury nullification').")

---

[1] When a prior felony conviction is an element of the crime that the Government must prove, its admission is not a matter of the trial court's discretion. *U.S. v. Aleman*, 609 F.2d 298 (7th Cir. 1979), *superseded by statute on other grounds as stated in Jake v. G.L. Herschberger*, 173 F.3d 1059 (7th Cir. 1999).

(citations omitted); *U.S. v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification…is to be viewed as an 'aberration under our system.' "). Where a jury receives information that invites it to ignore the law, there is a material risk of jury nullification. *U.S. v. Rash*, 840 F.3d 462, 465 (7th Cir. 2016) (citing *U.S. v. Laguna*, 693 F.3d 727, 729, 731 (7th Cir. 2012)). Accordingly, courts have prohibited arguments that urge, or are calculated to produce, jury nullification. *U.S. v. Powell*, No. 18-cr-30042, 2020 WL 1272380, *5 (S.D. Ill. Mar. 17, 2020) (citing *Smith,* 337 F.3d at 938; *U.S. v. White*, 519 F.3d 342, 346–47 (7th Cir. 2008)). Since Mr. Seals faces the possibility of a mandatory minimum sentence of 15 years under the Armed Career Criminal Act ("ACCA") if convicted, the Government argues evidence or argument regarding the length of his possible sentence would encourage jury nullification and, therefore, should be prohibited. The Court agrees.

Accordingly, the Government's Second Motion *in Limine* (Doc. 53) is **GRANTED**. Defendant and his Counsel are barred from arguing, stating, commenting on, implying, or otherwise suggesting in the presence of the jury what sentence or other penalty might be imposed on Defendant in the event of a guilty verdict.

### C.    *Third Motion in Limine to Exclude Evidence or Argument of Alibi* **(Doc. 54)**

The Government seeks to exclude Mr. Seals from offering evidence or argument of alibi. Federal Rule of Criminal Procedure 12.1 provides that the Government "may request in writing that the defendant notify an attorney for the government of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(1). The defendant is then required to respond within 14 days, "or at some other time the court sets." Fed. R. Crim. P. 12.1(a)(2).

4

On April 12, 2024, the Government requested that Mr. Seals file notice of his alibi defense pursuant to Rule 12.1(a)(1). (Doc. 47). On June 17, 2024, the Government filed its Third Motion *in Limine*, stating Mr. Seals had not provided notice of any alibi defense, such that he was noncompliant with Rule 12.1. (Doc. 54). On July 26, 2024, the Court ordered Mr. Seals to serve upon the Government notice of any intended alibi defense pursuant to Rule 12.1(a)(2) on or before August 9, 2024. (Doc. 63). Since that Order, neither the Government nor Mr. Seals has indicated whether Mr. Seals provided notice of his alibi defense. During a Status Conference held on February 17, 2025, however, Defense Counsel informed the Court that he would not be raising an alibi defense.

Accordingly, the Government's Third Motion *in Limine* is **GRANTED.** The Defendant and his Counsel are barred from arguing, stating, commenting on, implying or otherwise suggesting in the presence of the jury that he maintains an alibi defense or that there is evidence of an alibi.

### D.    *Fourth Motion in Limine Related to Argument that DNA Retesting was Unavailable to Defendant* **(Doc. 67)**

The Government states that it intends to present DNA evidence in its case-in-chief, namely, DNA evidence collected from the firearm that is the basis for the charges against Mr. Seals and DNA evidence obtained from Mr. Seals himself. (Doc. 67). Federal Rule of Criminal Procedure 16(a)(1)(E) requires that the government permit defendants to inspect evidence where "the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs

to the defendant." Fed. R. Crim. P. 16(a)(1)(E). The Government states that it collected six DNA samples, of which two were consumed in testing. The four remaining DNA samples, according to the Government, are being held at an ATF laboratory.

Now, the Government seeks to prohibit argument by Mr. Seals at trial that the remaining DNA samples were not made available to him for retesting. Defendant's Counsel indicated at the February 17, 2025, Status Conference that he has, in fact, had access to and, in fact, has tested, the DNA sampling, as requested.

Accordingly, the Government's Fourth Motion *in Limine* is **GRANTED**. The Defendant and his Counsel are barred from arguing, stating, commenting on, implying or otherwise suggesting in the presence of the jury that he has been denied access to DNA samples for the purpose of testing.

> **E.** **Fifth Motion in Limine Related to Judicial Notice of Prior Conviction(s) (Doc. 68)**

Mr. Seals is charged in the Superseding Indictment with being a felon in possession of a firearm under §§ 922(g)(1) and 924(e)(2). The Government relies on four prior convictions to establish that Mr. Seals qualifies for a sentence enhancement under the ACCA, 28 U.S.C. § 524(e). The relevant convictions are as follows:

1.   Robbery in case number 86-CF-585 on December 22, 1986;

2.   Robbery in case number 93-CF-49 on February 23, 1994;

3.   Aggravated Robbery in case number 97-CF-412 on August 19, 1998; and

4.   Domestic Battery after a prior conviction in case number 17-CF-472 on March 12, 2018.

(Doc. 68-1).

The Government asks that the Court take judicial notice of the above-listed convictions so that, if Mr. Seals is convicted of possessing a firearm in violation of § 922(g)(1), it may introduce the journal entries of convictions during a bifurcated trial as to the ACCA enhancement.

Mr. Seals' prior convictions are the proper subject of judicial notice under Rule 201 because they are (1) not subject to reasonable dispute and (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *Payne*, 964 F.3d at 656.

Accordingly, the Government's Fifth Motion *in Limine* (Doc. 68) is **GRANTED**. The Court takes judicial notice of Mr. Seals' prior convictions for (1) Robbery in case No. 86-CF-585 on December 22, 1986; (2) Robbery in case No. 93-CF-49 on February 23, 1994; (3) Aggravated Robbery in case No. 97-CF-412 on August 19, 1998; and (4) Domestic Battery after a prior conviction in case number 17-CF-472 on March 12, 2018. (Doc. 68-1). Should Mr. Seals be convicted of possessing a firearm in violation of § 922(g)(1), the journal entries of conviction (Docs. 68-1) will be admissible as evidence of Mr. Seals' prior qualifying felony convictions during a bifurcated hearing on the ACCA enhancement.

F. **Sixth Motion in Limine Regarding the Introduction of Evidence Pursuant to Federal Rule of Evidence 609** (Doc. 84)

1. *Admission of Prior Convictions Against Defendant Seals*

The Government moves, pursuant to Rule 609, to introduce evidence of Mr. Seals' prior convictions that are less than ten years old. Specifically, should Mr. Seals testify, the Government seeks to introduce the following convictions:[2]

| Date of Conviction | Offense | Felony or Misdemeanor | Sentence |
|---|---|---|---|
| January 18, 2018 | Criminal Trespass to Vehicles; Case No. 14-CM-4380 | Misdemeanor | 60 days' jail |
| June 24, 2016 | Domestic Battery/Physical Contact; Case No. 15-CM-2707 | Misdemeanor | Fine |
| June 24, 2016 | Domestic Battery/Physical Contact; Case No. 15-CM-2708 | Misdemeanor | Fine |
| June 24, 2016 | Domestic Battery/Physical Contact; Case No. 15-CM-2706 | Misdemeanor | Fine |
| January 18, 2018 | Criminal Damage to Property; Case No. 15-CM-4964 | Misdemeanor | 60 days' jail |
| January 18, 2018 | Battery/Cause Bodily Harm; Case No. 16-CM-4566 | Misdemeanor | 60 days' jail |
| March 7, 2018 | Retail Theft, Unlawful Possession of a Controlled Substance; Case No. 17-CF-298 | Felony | 3 year's IDOC; 4/9/2019 Paroled; 3/21/2022 Warrant; 12/12/2022 Discharged. |

---

[2]The convictions are ones where Mr. Seals committed the offense or was released from confinement on or after April 27, 2012.

8

| March 7, 2018 | Retail Theft; Case No. 17-CF-267 | Felony | 3 year's IDOC; 4/9/2019 Paroled; 3/21/2022 Warrant; 12/12/2022 Discharged. |
|---|---|---|---|
| March 7, 2018 | Theft; Case No. 17-CF-442 | Felony | 3 year's IDOC; 4/9/2019 Paroled; 3/21/2022 Warrant; 12/12/2022 Discharged. |
| March 7, 2018 | Domestic Battery after a Prior; Case No. 17-CF-472[3] | Felony | 3 year's IDOC; 4/9/2019 Paroled; 3/21/2022 Warrant; 12/12/2022 Discharged. |

Rule 609 governs the admissibility of a witness's prior convictions for purposes of impeachment. Felony convictions are admissible for impeachment pursuant to Rule 609(a)(1)(B) as long as the probative value of such evidence outweighs the prejudicial effect to the defendant. Fed. R. Evid. 609(a)(1)(B). For any crime, regardless of the punishment, Rule 609(a)(2) provides that to attack a witness's credibility, a party may present evidence that a witness has been convicted of a crime "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Admitting a prior conviction to impeach a defendant's testimony is "controversial" because it "is in tension with the most elementary conception of the rule of law—what Aristotle called 'corrective justice,' which means judging the case rather than the parties." *Schmude v. Tricam Indus.,*

---

[3] This is one of the offenses the Government seeks to use to establish the ACCA enhancement.

*Inc.*, 556 F.3d 624, 627 (7th Cir. 2009); *but see id.* at 628 ("The rationale for nevertheless allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime."). Here, the Government seeks to admit Mr. Seals' six misdemeanor convictions under Rule 609(a)(2) and four felony convictions under Rule 609(a)(1)(B). The Court will consider each in turn.

Under Rule 609(a)(2), Mr. Seals' misdemeanor crimes for trespass to vehicles, domestic battery, battery, and damage to property may be admitted if "a dishonest act or false statement" was an element of the crime. Fed. R. Evid. 609(a)(2). The Advisory Committee notes to Rule 609(a) explain that, by "dishonesty and false statement," it meant "crimes such as perjury, subordination of perjury, false statement, criminal fraud, embezzlement, or false pretenses, or any other offense in the nature of *crimen falsi,* the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Advisory Committee Notes, Fed. R. Evid. 609(a). Unlike those crimes, trespass, battery, and damage to property normally do not involve fraud or deceit. *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990) (en banc) (explaining that certain crimes "involving fraud or deceit" can "cast doubt on a witness's reliability for telling the truth," but "battery normally do[es] not"). Neither has the Government offered evidence suggesting that the way Mr. Seals committed those specific crimes involved fraud or deceit. *Altobello v. Borden Confectionary Prods., Inc.*, 872 F.2d 215, 216 (7th Cir. 1989) ("In the case of other crimes, deceit is not an element, but the manner in which the witness committed the offense may

10

have involved deceit, and if that is shown the conviction is admissible under Rule 609(a)(2).”). It is not readily apparent to the Court that Mr. Seals' misdemeanors involved dishonesty and would cast doubt on his reliability for telling the truth. Rule 609(a)(2), therefore, counsels against their admissibility. Accordingly, the Sixth Motion *in Limine*, as it pertains to Mr. Seals' misdemeanor convictions for trespass, domestic battery, battery, and property damage, is **DENIED**. The Government is barred from introducing any testimony or evidence of Mr. Seals' misdemeanor convictions, as stated.

Next, the Court considers the admissibility of Mr. Seals' felony convictions. Fed. R. Evid. 609(a)(1)(B). A court should consider the following factors when balancing the probative value compared to the prejudicial effect of a prior conviction under Rule 609: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and, (5) the centrality of the credibility issue. *U.S. v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing *U.S. v. Mahone*, 537 F.3d 922, 929 (7th Cir. 1976)).

As to the first factor, the Government merely asserts that "the impeachment value of a prior conviction is high" and that "convictions are properly used by the jury to determine the believability of the defendant's testimony." (Doc. 84, pgs. 4-5). In essence, the Government is arguing any felony conviction has a high impeachment value. The Court disagrees. The Seventh Circuit would not have included "impeachment value" as one of the applicable factors if any felony conviction, regardless of the nature of the crime, is automatically deemed to have a high impeachment value. Rather, by including this

factor, the Seventh Circuit is indicating that some crimes, namely, those involving dishonesty or fraud, have a higher impeachment value than other crimes. *See*, *e.g.*, *Montgomery*, 390 F.3d at 1015 (finding the defendant's prior convictions, which did not speak to his truthfulness, did not have a high impeachment value and favored exclusion); *U.S. v. Nurudin,* 8 F.3d 1187, 1192 (7th Cir. 1993) (finding a prior conviction did not involve dishonesty or fraud, so the first factor weighed in favor of exclusion); *U.S. v. Causey*, 9 F.3d 1341, 1344 (7th Cir. 1993) (stating crimes that do not involve dishonesty have a low impeachment value and favor exclusion).[4] Thus, although "the fact that a defendant has been convicted of a prior offense *may* legitimately imply 'that he is more likely to give false testimony than other witnesses,' " the relevant question is whether those convictions imply the defendant is likely to give false testimony. *U.S. v. Rein*, 848 F.2d 777, 783 (7th Cir. 1988) (quoting *U.S. v. Harding*, 525 F.2d 84, 89 (7th Cir. 1975)) (Emphasis added.). Accordingly, as to the first factor, the court considers whether Mr. Seals' felony convictions involved dishonesty or fraud, thereby lessening his credibility.

The Government seeks to admit Mr. Seals' felony convictions for domestic battery after a prior, drug possession, theft, and retail theft. As stated earlier, battery typically does not involve fraud or deceit. *Varhol*, 909 F.2d at 1567. Similarly, past drug possession does not necessarily implicate dishonesty. *U.S. v. Galati*, 230 F.3d 254, 262 n.5 (7th Cir. 2000) ("[T]his court has rejected the argument that 'people who have used drugs are more

---

[4]However, the Seventh Circuit has noted that a prior conviction need not have involved "inherent dishonesty" to be probative and admissible, particularly when the fourth and fifth factors favor admission. *Nurudin*, 8 F. 3d at 1192; *see also Causey*, 9 F.3d at 1344 (stating the failure to satisfy the first factor is not dispositive and may be overcome if other factors favor admission).

likely to tell lies.' "). As neither crime bears on Mr. Seals' propensity for truthfulness, the first factor weighs against their admission.

On the other hand, crimes involving theft "fall into a gray area." *Varhol*, 909 F.2d at 1567. Stealing inherently possesses some aspect of dishonesty. *Id.* ("[P]eople generally regard acts such as stealing…as acts that 'reflect…adversely on a man's honesty and integrity.' "(quoting *Gordon v. U.S.*, 383 F.2d 936, 940 (D.C. Cir. 1967) (Burger, J.)); *U.S. v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993). For that reason, the Seventh Circuit has found that "[p]rior acts of theft…are, like acts of fraud or deceit, probative of a witness's truthfulness or untruthfulness." *U.S. v. Smith*, 80 F.3d 1188, 1193 (7th Cir. 1996); *see also Varhol*, 909 F.2d at 1567 ("The question whether to allow questioning about acts such as receiving and using stolen property under Rule 608(b) is a close one. But we think that the connection between such acts and honesty and integrity, and between honesty and integrity and credibility, is sufficient to allow admission, subject to the district court's exercise of sound discretion."). Still, the Court lacks sufficient information to conclude whether Mr. Seals' theft convictions involved the kind of dishonesty contemplated by Rule 609: dishonesty that indicates someone is more likely to commit perjury. *Amaechi*, 991 F.2d at 378. Retail theft is not considered a crime of dishonesty in this circuit. *Id.* at 378-79 ("Having made the initial questionable assumption that some people are more given to perjury than others based on past conduct, we agree with nine other circuits that to include shoplifting as a crime of dishonesty would swallow the rule and allow any past crime to be admitted for impeachment purposes."); *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008)) ("This circuit generally does not count retail theft as a crime of

dishonesty."). However, the Seventh Circuit has not found that all retail theft is excludable under Rule 609(a), suggesting that it might consider a more expensive item, such as a "$500 jacket," differently than the petty shoplifting of "a stick of gum." *Amaechi*, 991 F.2d at 379 n.2 (contrasting "trying to walk off with a $500 jacket as opposed to a stick of gum"); *see also Miller v. Illinois Dep't of Transp.*, No. 7-cv-677, 2012 WL 2922690, *5 (S.D. Ill. July 17, 2012) (declining to find theft was a crime of dishonesty where the crime was over two decades old and the value of the stolen copper wire "was not much"). The fact that Mr. Seals' theft convictions are felonies indicates a greater level of severity than petty shoplifting. However, having only been provided the fact of Mr. Seals' theft convictions, and no information indicating the items stolen or any circumstances indicating dishonesty, the Court declines to make any finding as to whether or not Mr. Seals' theft convictions are probative of his truthfulness.

Next, the second factor—proximity in time between the felony convictions and the charged crime—somewhat favors admission. The felony convictions are not particularly close in time to the instant offense, having occurred approximately four years before the charged crime in this case. Nevertheless, the convictions are all well within Rule 609(b)'s ten-year time period of exclusion. *U.S. v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008) (admitting prior conviction within ten-year time-period contained in Rule 609(b)). Further weighing in favor of admission is the fact that Mr. Seals was on parole from four convictions at the time that the charged crime allegedly occurred.

The third factor—similarity between the prior convictions and the charged crime—also favors admission. Mr. Seals' felony convictions—domestic battery, drug

14

possession, and theft—do not involve conduct similar to the currently charged crime, precluding the likelihood that a jury would draw an improper propensity conclusion.

Finally, the fourth and fifth factors—the importance of defendant's testimony and the centrality of credibility as a trial issue—are uncertain at this time. The Government alleges that Mr. Seals seeks to dispute an eye witness' statement and the results of DNA testing, such that his credibility and testimony will be a central issue to this case.

The Government's argument is well taken. Seventh Circuit authority indicates, when a defendant's testimony conflicts with the evidence, the fourth and fifth factors weigh in favor of admissibility. *U.S. v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997) (defendant contradicted the victim's testimony as to whether she was afraid and felt threatened); *Causey,* 9 F.3d at 1344 (defendant's testimony conflicted with almost all of the police officer's testimony). Furthermore, in felon in possession cases where, as in this case, the defendant's account of the events directly opposes that of the other witnesses', the Seventh Circuit has repeatedly affirmed the admission of prior felonies for impeachment purposes, even when those felonies did not involve dishonesty or fraud. *See*, *e.g.*, *U.S. v. Gant*, 396 F.3d 906, 910 (7th Cir. 2005) (finding it was not an abuse of discretion to admit the defendant's prior conviction for possession of a controlled substance with intent to distribute where the defendant's testimony that he possessed a pipe, not a firearm, was crucial to the trial and contradicted the testimony of three government witnesses); *Nurudin*, 8 F.3d at 1192 (finding it was not an abuse of discretion to admit four prior felony convictions for robbery, attempted robbery, and aggravated battery where the defendant and the officers offered conflicting testimony, making the defendant's testimony and the

credibility issue critical to the case); *Montgomery*, 390 F.3d at 1015 (finding it was not an abuse of discretion to admit six prior convictions, even though five of them did not involve dishonesty or fraud, because the defendant's testimony conflicted with statements made during his interrogation).

Considering the above, if Mr. Seals offers his testimony and that testimony conflicts with other evidence or testimony of significance to the Government's proofs, the following of his prior felony convictions may be allowed to be introduced into evidence for the purposes of impeachment:

Theft, Case No. 17-CF-298

Retail Theft; Case No. 17-CF-267

Theft; Case No. 17-CF-442

However, a finding as to the importance of Mr. Seals testimony and credibility at this time would be premature. Accordingly, the Government's Sixth Motion *in Limine* is **DENIED without prejudice** as it pertains to the above list of Mr. Seals' felony convictions. The Government may, prior to the introduction of testimony regarding Mr. Seals' prior felony convictions, renew its motion to allow such evidence. Finally, should any of the prior felony convictions be admitted, an appropriate limiting instruction will be given to the jury. Lastly, as it pertains to evidence of the above list of Defendant's prior misdemeanor convictions and the domestic battery felony in Case No. 17-CF-472, the Government is barred from introducing such evidence at trial.

### 2. *Exclusion of Prior Convictions Against a Government Witness*

Additionally, the Government requests that the Court deny any attempt by Mr. Seals to impeach witnesses using offenses committed more than ten years prior to the date(s) of the charged conduct. Specifically, the Government states that it intends to call a witness who has prior convictions that are between twenty and forty years old.

Under Rule 609(b), evidence of a conviction, where more than 10 years have passed since the date of conviction or release from confinement, is admissible if its probative value substantially outweighs its prejudicial effect and if the proponent gives opposing counsel reasonable written notice of its intent to use such evidence. Fed. R. Evid. 609(b). The Government represents that Mr. Seals has not provided notice of his intent to use such evidence. Since no notice has been given, further analysis of the admissibility of the convictions is unnecessary. Accordingly, this aspect of the Sixth Motion *in Limine* is **GRANTED**. Mr. Seals is barred from introducing evidence or testimony at trial related to a witness's prior convictions where more than 10 years have passed since the date of conviction or release of confinement.

### G. *The Government's Notice of Intent to Utilize Evidence Pursuant to Federal Rule of Evidence 404(b) and Seventh Motion in Limine Related to the Admission of Such Evidence* (Doc. 86)

The Government seeks to introduce evidence that, on July 27, 2022, Mr. Seals informed Africa Braylock that he possessed a firearm. (Doc. 86, pg. 4). The Government asserts, since Mr. Seals intends to present expert opinion testimony at trial that his DNA was found on the firearm due to secondary transfer, evidence of Mr. Seals' statement to Braylock that he possessed a firearm is relevant to his knowledge and a lack of mistake.

17

The underlying events surrounding Mr. Seals' statement to Braylock, according to the Government, are as follows: During an argument at Vincent Brown's residence, Mr. Seals smashed Braylock's cellphone, which is the basis for charges against him in St. Clair County Case No. 23-CM-153902. (Doc. 86, pg. 1). When law enforcement arrived at Brown's residence, Mr. Seals falsely identified himself and left the scene. (Doc. 86, pg. 1). Braylock then gave a recorded interview to law enforcement, stating that, during the argument, Mr. Seals informed Braylock that he had a gun. (Doc. 86, pgs. 1-2). Law enforcement learned Mr. Seals' true identity, then left to search for Mr. Seals. (Doc. 86, pg. 2). Approximately an hour after the argument, USMS task force officers located Mr. Seals in a previously identified black truck and arrested him, finding the firearm for which he is charged in this case in the bed of that truck. (Doc. 86, pg. 2). The Government asserts that the statement is not improper other-acts evidence, but is direct evidence that Mr. Seals possessed the gun seized by law enforcement an hour after his argument with Braylock and, as such, is admissible pursuant to Rule 404(b)(2). (Doc. 86, pg. 2).

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, other-acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In order for other-acts evidence to be admissible, "[t]he proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain

18

way…through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *U.S. v. Clark*, 774 F.3d 1108, 1114 (7th Cir. 2014) (quoting *U.S. v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014)). Once that is done, the court must "assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice." *Id.* This "balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case." *Id.*

Here, the Government's purpose for admitting Mr. Seals' statement to Braylock is to show Mr. Seals' knowledge of the firearm and a lack of mistake as to his possession. (Doc. 86). This evidence does not suggest a propensity-like character trait—*e.g.*, Mr. Seals possessed a gun in the past, so he was more likely to possess a gun on July 17, 2022. Instead, it is directly relevant to rebut the defense that Mr. Seals' DNA was found on the firearm at issue through secondary transfer and that he was not in possession of it.

The Seventh Circuit has allowed the admission of similar evidence in felon in possession cases where, similar to here, "the prior possession was recent and involved the same gun." *U.S. v. Miller*, 673 F.3d 688, 695 (7th Cir. 2012) (testimony by witness that she had seen the defendant take the same pistol out of his pants and place it on a table two months before his arrest was admissible as circumstantial evidence of the charged crime and not barred by Rule 404(b)); *U.S. v. Stork*, 487 Fed. App'x. 295, 297 (7th Cir. 2012) (testimony by booking officer that defendant told him he had been "shooting off" the same gun earlier that day was "evidence of his charged crime, not propensity evidence"); *U.S. v. Canady*, 578 F.3d 665, 671 (7th Cir. 2009) (evidence the defendant used the same

gun, minutes before in a home invasion, was admissible to support a guilty verdict for the defendant's illegal possession charge and was not barred by Rule 404(b)). Mr. Seals' alleged statement to Braylock that he possessed a firearm was recent, made within one hour of the recovery of the firearm for which Mr. Seals is charged. Furthermore, as Mr. Seals' DNA was found on the firearm at issue in this case, the Government implies that the evidence involves the same gun. Accordingly, the Court finds the Government has shown the evidence of Mr. Seals' statement to Braylock is relevant for a non-propensity purpose. Next, the Court analyzes the evidence under a Rule 403 balancing test.

There are a number of potential issues to balance with this evidence. The Government's sole claimed purpose for admitting the evidence is to show Mr. Seals' knowledge of the weapon and a lack of mistake as to his possession. It may be true Mr. Seals' statement that he possessed the gun, as well as the timing of that statement relative to his arrest and the recovery of the firearm at issue, are probative to show knowledge and lack of mistake. At the same time, the events surrounding the statement—*e.g.*, that Mr. Seals intended to threaten Braylock during the argument and smashed the cellphone —are clearly prejudicial and only appear to be relevant as impermissible character evidence of Mr. Seals' violent or criminal nature. The Government does not appear to contest this fact, and it instead suggests that any prejudice may be mitigated through limited questions and with appropriate instructions.

At this time, the Court declines to make a finding as to the admissibility of Mr. Seals' statement to Braylock. The Court will make its determination based on the specific evidence offered by Mr. Seals and any expert testimony at trial. Accordingly, the Court

**RESERVES RULING** on the Seventh Motion *in Limine*. Should Mr. Seals' statement at issue be admitted, an appropriate limiting instruction will be given to the jury.

### III. CONCLUSION

For the reasons set forth herein, the Court **ORDERS** as follows:

1. The Government's First Motion *in Limine* Related to Judicial Notice of Prior Convictions (Doc. 44) is **GRANTED**.

2. The Government's Second Motion *in Limine* Related to Jury Nullification (Doc. 53) is **GRANTED**.

3. The Government's Third Motion *in Limine* to Exclude Evidence or Argument of Alibi (Doc. 54) is **GRANTED**.

4. The Government's Fourth Motion *in Limine* Related to Argument that DNA Retesting was Unavailable to Defendant (Doc. 67) is **GRANTED**.

5. The Government's Fifth Motion *in Limine* Related to Judicial Notice of Prior Conviction(s) (Doc. 68) is **GRANTED**.

6. The Government's Sixth Motion *in Limine* Regarding the Introduction of Evidence Pursuant to Federal Rule of Evidence 609 (Doc. 84) is **GRANTED IN PART** and **DENIED IN PART**. As it pertains to Mr. Seals' misdemeanor convictions, as well as the domestic battery felony in Case No. 17-CF-472, the Motion is **DENIED**. As to Mr. Seals' other prior felony convictions, the Motion is **DENIED without prejudice**. As to the evidence or testimony at trial related to a witness's prior convictions, where more than 10 years have passed since the date of conviction or release from confinement, the Motion is **GRANTED**.

7. A ruling on the Government's Notice of Intent to Utilize Evidence Pursuant to Federal Rule of Evidence 404(b) and Seventh Motion *in Limine* Related to the Admission of Such Evidence (Doc. 86) is **RESERVED**.

**SO ORDERED.**

Dated: February 26, 2025

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge